AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) |
|---|---|
| v. | ) |
| Kyle Kee | ) Case No. **25mj1340** |
| YOB: 1991 | ) |
| | ) |
| | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 7, 2025__ in the county of __San Juan__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1153 | Offenses committed within Indian Country |
| 18 U.S.C. § 113(a)(6) | Assault Resulting in Serious Bodily Injury |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Tyler Rackham, Special Agent
Printed name and title

Telephonically sworn, electronically signed.

Date: 05/07/2025

_____
Judge's signature
Jennifer M. Rozzoni
United States Magistrate Judge
Printed name and title

City and state: Albuqueruque, New Mexico

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>VS<br><br>Kyle Kee<br>Year of birth: 1991 | Case No. _____<br><br>AFFIDAVIT IN SUPPORT OF<br>PROBABLE CAUSE ARREST |

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Tyler Jack Rackham, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been employed with the FBI since January 2020. As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes, including Title 18 of the United States Code. Prior to my employment by the FBI, I was a Law Enforcement Officer in the State of Utah for six years. I am presently assigned to the Farmington Resident Agency (RA), Albuquerque Division, where my duties include investigating violations of Federal law, specifically those violations occurring on the Navajo Indian Reservation.

2. I have received training and gained experience in the investigation and enforcement of major crimes including murder, firearms offenses, and other federal crimes. Additionally, I have received training and experience in interview techniques, arrest

procedures, search warrant applications, the execution of searches and seizures, and various other criminal laws and procedures. I have previously participated in investigations within Indian Country involving the crimes enumerated below.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses. Because this affidavit is submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning the investigation. I have set forth only those facts that I believe are necessary to establish that probable cause to support a criminal complaint as explained below.

4. This affidavit is being submitted in support of a criminal complaint charging Kyle Kee (**Kee**), YOB 1991, with violating 18 U.S.C. §§ 1153 and 113(a)(6), Assault Resulting in Serious Bodily Injury.

**RELEVANT STATUTES**

5. 18 U.S.C. § 1153(a), in relevant part, states: "Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, . . . a felony assault under section 113 . . . shall

be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States."

6.  18 U.S.C. § 113(a)(6) criminalizes assault resulting in serious bodily injury, committed within Indian Country.

## PROBABLE CAUSE

7.  On May 6, 2025, Navajo Nation Police Department (NNPD) responded to a call for service at 3 Road 8559, Ojo Amarillo, New Mexico. Officers were told that Kyle KEE (**KEE**) had severely beaten his mother C.K., year of birth 1958, hereinafter referred to as JANE DOE.

8.  When Officers arrived, they found JANE DOE with lacerations and swelling on her face. Officers noted that JANE DOE's right eye was swollen shut and the clothing she was wearing was covered in blood. Officers directed medical personnel to transport JANE DOE to San Juan Regional Medical Center.

9.  Officers found **KEE** in the area and he was hiding behind some shrubs in an open field. Officers approached **KEE**, who later began to travel south in the open field. As Officers got closer to **KEE** he attempted to hide behind some additional bushes.

10.  Officers eventually made contact with **KEE** and gave him verbal commands. **KEE** complied with the commands and was placed in handcuffs. While in handcuffs **KEE** began to get verbally aggressive and spit in the face of one of the Officers. **KEE** later kicked the Officer. **KEE** was arrested by Tribal Police for Aggravated Battery of a Family Member.

11. An interview of JANE DOE was conducted at the San Juan Regional Medical Center. JANE DOE advised that she was at her home when she got up to feed her dog. JANE DOE eventually returned her room to lay in bed. After laying down JANE DOE encountered **KEE**.

12. **KEE** was acting aggressive and called JANE DOE a "Fucking Whore". **KEE** began to strike JANE DOE in the face with a closed fist. **KEE** hit JANE DOE multiple times. JANE DOE stated she began to see stars and things were going black. JANE DOE begged **KEE** to stop hitting her.

13. JANE DOE attempted to turn her body from **KEE** to protect herself from being hit. **KEE** continued to hit JANE DOE, striking her multiple times on her back. After being hit in the back, JANE DOE turned back to face **KEE**. After JANE DOE turned to face **KEE,** she felt him punch her in to stomach. JANE DOE continued to say, "Stop Kiddo, Stop Kiddo". **KEE** stopped hitting JANE DOE when the phone rang and **KEE** left to answer the phone.

14. JANE DOE did not know why **KEE** attacked her, she described the attack as coming "out of nowhere". JANE DOE did provide **KEE** with alcohol earlier in the day. JANE DOE did believe **KEE** had been drinking. JANE DOE believed her nose was broken during the attack. She also noted that a bone around her eye was fractured.

15. JANE DOE stated this was not the first time she had been attacked by **KEE**. JANE DOE said **KEE** was currently on probation for assaulting JANE DOE in the past.

16.  An interview was conducted with L.B. (Witness 1). Witness 1 was a neighbor to JANE DOE and **KEE**. On May 6, 2025, at approximately 1:30 p.m., Witness 1 was home when he/she heard a knock on his/her bedroom window. Witness 1 went to the window and observed **KEE** outside the window. Witness 1 noticed that **KEE** had blood on his hands and shirt. Witness 1 told **KEE** to go home.

17.  Witness 1 stated that about 30 minutes later, JANE DOE came over to Witness 1's residence and was covered in blood. Witness 1 took a picture of JANE DOE because of the injuries she had. Witness 1 knew that **KEE** had beaten JANE DOE. **KEE** had anger issues and had beaten JANE DOE on multiple prior occasions. Witness 1 did not see **KEE** hitting JANE DOE. **KEE** was in a relationship with Witness 1.

18.  Medical Records were obtained for JANE DOE from the San Juan Regional Medical Center. Records indicated that JANE DOE had an Orbital floor (blow-out) closed fracture, nasal bone fractures, and multiple contusions. Records also noted a laceration above JANE DOE's right eye which was treated with sutures.

19.  Navajo tribal records detailed a prior assault involving JANE DOE and KEE. The incident occurred October 4, 2024. **KEE** was arrested at that time for Battery of a Household Member.

## JURISDICTION

20.  As referenced above, the incident occurred within the Navajo Reservation. Specifically, investigators determined the location to be near Global Position System (GPS) Coordinates: Latitude 36.692839, Longitude -108.367554, which is within the exterior boundaries of the Navajo Nation Indian Reservation.

21.  Records state that **KEE** and **JANE DOE** are both enrolled members of the Navajo Nation.

## CONCLUSION

22.  Based on the above information, I submit that there is probable cause to believe that Kyle KEE (**KEE**) violated 18 U.S.C. §§ 1153 and 113(a)(6), assault resulting in serious bodily injury.

23.  Therefore, I respectfully request that the Court approve the attached criminal complaint and issue an arrest warrant.

Tyler Jack Rackham
Special Agent
Federal Bureau of Investigation

Subscribed to and sworn before
me this  7th  day of May 2025

Jennifer M Rozzoni
United States Magistrate Judge